Dana Lynn MEHEN, Plaintiff–
Appellant,

v.

DELTA AIRLINES, INC.; Delta Family
Care Medical Plan; Delta Family
Care Disability and Survivorship Plan;
Administrative Sub–Committee; Ad-
ministrative Committee; Leo Mullins;
Sharon Wibben, Vice President of In–
Flight; United Healthcare, for the
Medical Plan–Sponsored by Delta Air-
lines; Cobra Administrators, Erisa
Benefits; Leon Piper, Vice President
of Worldwide Benefits; Christopher
Young, Long Term Disability Admin-
istrator; Annette Frazier, Long Term
Disability Administrator; Beverly
Hord, Long Term Disability Secretary;
Robert Heilmann, Cobra Department
Supervisor; Brian King, Administra-
tive Secretary; James O'Brien; DDI
Company; Pat Higgins, Defendants–
Appellees.

No. 06–16388.

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 2008.*

Filed Oct. 24, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dana Lynn Mehen, Tucson, AZ, pro se.

Scott G. Blews, Esquire, Delta Air Lines Hartsfield Atlanta Int'l Airport, J. Timothy McDonald, Esquire, Rogers & Hardin LLP, Atlanta, GA, Erin O. Simpson, Esquire, Lewis & Roca, LLP, Tucson, AZ, Curtis A. Cole, Esquire, Matthew S. Levinson, Esquire, Cole Pedroza, LLP, Pasadena, CA, Ronald J. Stolkin, Esquire, Fennemore & Craig, PC, Phoenix, AZ, for Defendants–Appellees.

Before: SKOPIL, FARRIS, and BEEZER, Circuit Judges.

## MEMORANDUM **

Dana Mehen brought this ERISA action against her former employer and its long-term disability plans, challenging the termination of her disability benefits. She argues the district court erred by reviewing the termination decisions for an abuse of discretion rather than applying de novo review. We conclude the court applied the proper standard and accordingly we affirm.

The proper standard of review depends on the language of the plan. If the plan administrator is not empowered by the plan "to determine eligibility for benefits or to construe the terms of the plan," the court's review is de novo. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). "But if the plan *does* confer discretionary authority as a matter of contractual agreement, then the standard of review shifts to abuse of discretion." *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 963 (9th Cir.2006) (en banc) (italics in original).

The plan here provides for "the broadest discretionary authority permitted under law in the exercise of all of its functions, including, but not limited to, deciding questions of eligibility and interpretation." Such language clearly confers discretion on the plan administrator to make final benefit determinations. *See id.*(noting "similar plan wording—granting the power to interpret plan terms and to make final benefits determinations—confers discretion on the plan administrator").

Mehen nonetheless argues the plan administrator has an inherent conflict of interest in protecting profits and thus de novo review is appropriate. We have held, however, that the "[a]buse of discretion review applies to a discretion-granting plan even if the administrator has a conflict of interest." *Id.* at 965. Mehen also argues for de novo review based on her claims of "procedural violations." Even assuming there were such violations, "a procedural irregularity in processing an ERISA claim does not usually justify de novo review." *Id.* at 972. Rather, "[a] procedural irregularity, like a conflict of interest, is a matter to be weighed in deciding whether an administrator's decision was an abuse of discretion." *Id.*

Under an abuse of discretion standard, the plan administrator's decision may be set aside "only when it is arbitrary and capricious." *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 875 (9th Cir.2004). A decision is not arbitrary or capricious if "grounded on *any* reasonable basis." *Id.* (italics in original). Thus, "as long as the record demonstrates that there is a rea-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sonable basis for concluding that the medical condition was not disabling, the decision cannot be characterized as arbitrary, and we must defer to the decision of the plan administrator." *Id.* at 879. Although there was conflicting medical evidence regarding Mehen's level of disability, we agree with the district court that the plan administrator's decision to terminate Mehen's disability benefits cannot be said to be arbitrary and capricious or an abuse of discretion.

There was also no abuse of discretion when the plan denied Mehen's request for an extension of her COBRA benefits. Mehen's "qualifying event" did not occur within the initial 18–month COBRA period and she did not notify the plan administrator within 60 days of the date of the event as required by the plan.

**AFFIRMED.**